# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC. d/b/a Aliera Healthcare, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11548 (TMH)<br><br>Jointly Administered |
| ALIERA LT, LLC, AS LIQUIDATING TRUSTEE FOR THE ALIERA COMPANIES, INC., ET AL. and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC., LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>SHELLEY STEELE, CHASE MOSES, TIMOTHY MOSES, FIRST CALL TELEMEDICINE, LLC, JDWALTON NEWNAN LLC, OCONEE REYNOLDS LLC, CIEL CAPITAL GROUP, INC., and MOSES FAMILY CHARITABLE FUND,<br><br>Defendants. | Adversary Proceeding No. 23-50433 (TMH) |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH THIRD-PARTY SUBPOENA FOR DOCUMENTS ISSUED TO HOME REAL ESTATE, LLC**

Plaintiffs Aliera LT, LLC, as Liquidating Trustee (the "Aliera Trustee") for The Aliera Companies, Inc., *et al.* ("Aliera"), and Neil F. Luria, in his Capacity as the Trustee of The Sharity Ministries, Inc., Liquidating Trust (the "Sharity Trustee" and together with the Aliera Trustee, the "Plaintiffs"), and hereby file their response in opposition to the Defendants' *Motion to Quash*

---

[1] The jointly administered Debtors in these Chapter 11 cases along with the last four digits of their federal tax identification number include: The Aliera Companies Inc. (9555) (Case No. 21-11548), Advevo LLC (6736) (Case No. 22-10124), Ensurian Agency LLC (3244) (Case No. 22-10123), Tactic Edge Solutions LLC (2923) (Case No. 22-10122) and USA Benefits & Administrators LLC (5803) (Case No. 22-10121).

*Third-Party Subpoena for Documents Issued to Home Real Estate, LLC* [Adv. Doc. No. 35] (the "Motion to Quash").

## INTRODUCTION

The Motion to Quash should be denied as it is an attempt by the Defendants, who lack standing to obtain the relief they seek, to hide information relevant to the Court's determination of their *Motion To Enforce Settlement Agreement, For A Temporary Restraining Order And Preliminary Injunction, And To Shorten Time* [Adv. Doc. No. 31] (the "TRO Motion"). Upon information and belief, the Defendants have received multiple offers for the subject real estate which were never shared with the Plaintiffs as required under the Settlement Agreement.

Indeed, since the Aliera Trustee issued the Subpoena, the Defendants have provided shared a now-expired July 2024 offer on the Newnan Property that was not previously disclosed. This failure to disclose constitutes yet another breach of the Settlement Agreement, and therefore it is evident that the Defendants cannot be trusted to disclose offers and abide by the Settlement Agreement. Accordingly, the Subpoena is necessary as third party HOME Real Estate LLC ("HOME"), the real estate brokerage with the Newnan Property listing, will share responsive documents if compelled to through the Subpoena. For the reasons set forth below, the Court should deny the Motion to Quash.

## BACKGROUND

Instead of complying with the Settlement Agreement, the Defendants have fabricated an emergency and on January 24, 2025, filed with their *Expedited Hearing* [sic] *Regarding Motion To Enforce Settlement Agreement, For A Temporary Restraining Order And Preliminary Injunction, And To Shorten Time* [Adv. Doc. No. 32] (the "Motion to Expedite"). The Plaintiffs

2

responded to the Motion to Expedite on January 26, 2025 through their *Response in Opposition to Defendants' Motion to Expedite Hearing* [Adv. Doc. No. 33] (the "Response").

As stated in the Response, the Newnan Property was purchased using funds that were improperly siphoned from the Debtors by Steele at the expense of the Debtors' creditors. The Newnan Property is a luxury equestrian property set on 365 acres with a main house of 8,224 square feet and 5 bedrooms and 11 bathrooms. While Timothy Moses and Shelley Steele appear to reside at the Newnan Property, they have had ample opportunity to sell it and a sale is specifically contemplated under the Settlement Agreement. Despite the passage of over a year from the execution of the Settlement Agreement, the Newnan Property has not been sold. It is currently listed for sale for $5.995 million.

In light of the Defendants' material breaches of the Settlement Agreement and as part of the Plaintiffs' discovery relating to the TRO Motion, the Plaintiffs issued the Subpoena. The Plaintiffs have also requested the deposition of Defendants Shelley Steele, Timothy Moses, and Chase Moses. Instead of responding to Plaintiffs' request for the scheduling of these depositions, the Defendants are interfering with properly issued discovery.

## OPPOSITION TO MOTION TO QUASH

The Defendants have failed to comply with multiple provisions of the Settlement Agreement, and are hiding their wrongdoing, including preventing HOME from providing the Plaintiffs with documents that are relevant to the Court's determination of the TRO Motion. The Plaintiffs have properly issued the Subpoena, and HOME has indicated a willingness to comply with it. The Defendants' arguments lack merit and the Defendants lack standing to object to the Subpoena on the grounds that it is unduly burdensome to HOME. The Motion to Quash should be denied for the following reasons:

First, the Plaintiffs are permitted to participate in discovery under the Bankruptcy Rules. The Settlement Agreement specifically provides that this case remain open until full receipt of the Cash Consideration. *See* Settlement Agreement ¶ 4. This language provides the Plaintiffs with a means of enforcing the Settlement Agreement. The Defendants' multiple, material breaches of the Settlement Agreement demonstrate the need for this case to remain open. Here, the Defendants have put the discovery sought in the Subpoena directly at issue.

Second, the discovery sought by the Plaintiffs is permitted under the Bankruptcy Rules. While the Defendants argue that the issuance of the Subpoena is an attempt by the Plaintiffs to circumvent the discovery rules, they do not cite any specific rules. Pursuant to Federal Rule of Civil Procedure 45, a party may subpoena from a nonparty, documents, electronically stored information, or tangible things in the non-party's possession, custody, or control for inspection, copying, testing, or sampling. Fed. R. Civ. P. 45 (a)(1)(D). The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26. *See Evanston Ins. Co. v. Gen. Mfg. Indus., LLC (In re Gen. Mfg. Indus., LLC),* 2023 U.S. Dist. LEXIS 31332, *5 (D. Del. Feb. 24, 2023) ("Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b).") (citations omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for liberal discovery. It affords a party the right "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). When the Defendants filed the TRO Motion, information surrounding the sale of the Newnan Property, specifically the information sought in the Subpoena, became relevant to the Defendants' claims and the Plaintiffs' defenses to the relief sought in that motion. In the Plaintiffs' Response to the TRO Motion, they assert the defense of unclean hands. *See* Response pp. 4-5. The information sought in the subpoena is likely

4

to contain information that will support this defense such that it is within the scope of discovery pursuant to Rule 26. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.").

Third, the Defendants do not have standing to raise two of the three arguments asserted in their Motion to Quash – that the Subpoena provides an unreasonable amount of time to comply and that the subpoena imposes an undue burden on HOME. Generally, a party to a litigation does not have standing to seek to quash a subpoena issued to a non-party. *See Precision Aviation Grp., Inc. v. Prime Indus.,* 2017 U.S. Dist. LEXIS 167630, *6 (N.D. Ga. June 16, 2017) ("For one, Prime lacks standing to challenge the subpoenas on the grounds that they cause a substantial burden on non-parties and expose such non-parties to unwarranted expenses."). "Only the party to whom a subpoena is directed has standing to quash the subpoena based on relevance or undue burden." *SFR Equities, LLC v. Warren Hill, LLC*, Civil Action No. 20-mc-00008, 2 (E.D. Pa. Feb. 28, 2020). Therefore, the time, cost, and effort that it might take for HOME to produce the documents not the Defendants' concern. This is especially so when, as here, the third-party has already agreed to comply with the Subpoena. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."). HOME has already informed counsel for the Plaintiffs that it is willing to share some or all responsive documents.

Fourth, the information sought in the Subpoena is not privileged as required under Rule 45(d)(3)(A)(iii). One exception to the general rule regarding standing is that a party may seek to quash a third-party subpoena on the grounds that the subpoena requires disclosure of privileged or other protected matter if such party can demonstrate a personal privacy right or privilege with

respect to the subject matter of the subpoenas. *Anisman v. Calkins,* 2016 U.S. Dist. LEXIS 198531, *6 (N.D. Ga. Sept. 30, 2016); *SFR Equities, LLC v. Warren Hill, LLC*, Civil Action No. 20-mc-00008, 2 (E.D. Pa. Feb. 28, 2020) ("The party seeking to quash or modify a subpoena has the burden of proof."). The Defendants do not identify any personal right or privilege that would both give them standing to object and serve as grounds for quashing the Subpoena. *Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 440 (E.D. Va. 2018) ("Whether those privilege claims should prevail is a separate question that concerns the merits of Martorello's motion to quash, not his standing to bring it."). No realtor-client privilege exists under Georgia law. Accordingly, any claims of privilege are baseless.

## CONCLUSION

In summary, the Defendants have not met their burden. The Plaintiffs are investigating the Defendants' breaches of the Settlement Agreement and, in light of the Motion to Enforce Settlement, the discovery sought is warranted. The Motion to Quash should therefore be denied.

Dated: January 29, 2025
Wilmington, Delaware

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: Dennis.Meloro@gtlaw.com

- and -

John D. Elrod (admitted *pro hac vice*)
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2259
Facsimile: (678) 553-2269
Email: ElrodJ@gtlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 29, 2025, a true and correct copy of the above and foregoing document has been served upon the following parties to this case via electronic mail:

| | |
|---|---|
| Evan T. Miller | Chase Moses |
| Paige N. Topper | 4660 Hitching Post Trail |
| SAUL EWING LLP | Atlanta, GA 30342 |
| 1201 N. Market St., Suite 2300 | cmoses422@gmail.com |
| P.O. Box 1266 | *Pro Se Defendant* |
| Wilmington, DE 19899 | |
| evan.miller@saul.com | Timothy Moses |
| paige.topper@saul.com | 480 J D Walton Rd |
| | Newnan, GA 30263 |
| Steven C. Reingold | tcmoses58@gmail.com |
| SAUL EWING LLP | *Pro Se Defendant* |
| 131 Dartmouth Street, Suite 501 | |
| Boston, MA 02116 | |
| steven.reingold@saul.com | |
| | |
| Dane Steffenson | |
| DANE LAW LLC | |
| 3575 Piedmont Road, NE, #L120 | |
| Atlanta, GA 30305 | |
| dane@thedanelawfirm.com | |

*Counsel to Defendants Shelley Steele, First Call Telemedicine, LLC, JDWalton Newnan LLC, Oconee Reynolds LLC, and Ciel Capital Group, Inc.*

                                                  */s/ Dennis A. Meloro*
                                                  Dennis A. Meloro (#4435)